UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DESHATIN NAJHEE MOTLEY,

        Plaintiff,

    v.

DENNIS KEITH, Correctional Officer;
L. GRUENWALD, Nurse; DR. NORTON,

        Defendants.

Case No. 2:19-cv-01442-AA

OPINION AND ORDER

_____

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed suit pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his Eighth Amendment rights arising from medical treatment and injuries he sustained while in custody. Before the Court are defendant Keith's motion for summary judgment, and plaintiff's motion for an order of default against defendants Gruenwald and Norton. Defendant Keith's motion is granted, and plaintiff's motion is denied.

1   - OPINION AND ORDER

BACKGROUND

On September 8, 2017, plaintiff was examined by ODOC Health Services after sustaining an injury playing basketball. Dieter Decl. ¶ 6. Plaintiff was given crutches for two weeks and scheduled for an x-ray. *Id.*

Plaintiff informed Corrections Officer Keith that he was concerned about the location of his cell in an upper tier, which required plaintiff to climb stairs. Compl. at 5. Officer Keith asked plaintiff whether he had a medical restriction for stairs or upper tiers, and he confirmed that plaintiff did not have such a restriction at the time. Keith Decl. ¶ 6. Officer Keith explained that if plaintiff did not have a "no stairs" restriction, he could still be housed on the upper tier. *Id.* ¶ 7. Officer Keith also explained the procedures for completing a "move kyte" to move to a different cell. *Id.*

Two days later, on September 10, 2017, plaintiff fell while going up the stairs, and he landed on his tailbone. Dieter Decl. ¶ 7 & Att. 2 (ECF No. 24 at 21, 23). Plaintiff was brought to Health Services and given pain medication and ice for his back, and he was admitted to the infirmary for observation. *Id.*

On September 11, 2017, plaintiff had an x-ray of his left ankle which was negative for bone abnormality. *Id.* ¶ 8.

On September 12, 2017, plaintiff was examined by Dr. Norton, who prescribed crutches for thirty days and issued restrictions that limited plaintiff to lower bunks in lower tiers, with no stairs, for two weeks. *Id.* ¶ 9 & Att. 2 (ECF No. 24 at 19).

On September 13, 2017, plaintiff indicated that he could walk without crutches and requested removal of the tier restriction. Plaintiff also requested additional pain medication for

his back. Dieter Decl. ¶ 10 & Att. 4 (ECF No. 24 at 107-09). Plaintiff's restrictions and recommended pain medication were not changed at that time.

On September 20, 2017, plaintiff was seen for sick call and complained of pain in his lower back. Plaintiff was given a hot pack and instructed to take Ibuprofen or Tylenol. *Id.* ¶ 11.

On September 27, 2017, plaintiff had a follow-up appointment with Dr. Norton, who prescribed additional pain medication for plaintiff's back and a hot pack. *Id.* ¶ 12 & Att. 2 (ECF No. 24 at 18).

On September 9, 2019, plaintiff filed this federal action.

<u>DISCUSSION</u>

A.  <u>Plaintiff's Motion for Default (entitled Motion for Summary Judgment)</u>

Plaintiff requests that the Court enter judgment against defendants Gruenwald and Norton, arguing that they failed to file their Answer in a timely manner after filing a Waiver of Service. Defendants have since filed an Answer, and plaintiff has not been prejudiced. Accordingly, plaintiff's motion is denied.

B.  <u>Defendant Keith's Motion for Summary Judgment</u>

Officer Keith moves for summary judgment on grounds that plaintiff failed to exhaust his administrative remedies, and that Officer Keith is entitled to qualified immunity. Regardless of exhaustion, plaintiff fails to show a violation of his Eighth Amendment rights by Officer Keith.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Assuming

the existence of a serious medical need, plaintiff presents no evidence suggesting that Officer Keith was deliberately indifferent to that need.

Plaintiff does not allege that Officer Keith ignored a medical restriction or took affirmative action that jeopardized plaintiff's health or safety. Rather, plaintiff maintains that Officer Keith did not move plaintiff to a new cell after plaintiff received crutches for his ankle. Plaintiff asserts, without support evidence, that Officer Keith could have moved plaintiff "via phone call." Pl.'s Resp. at 3. However, plaintiff does not dispute that he had no tier restriction when he approached Officer Keith and expressed concern about his cell. Further, Officer Keith explains that, as a Corrections Officer, he is not authorized to implement medical restrictions or unilaterally approve a cell move. Keith Decl. ¶ 9.

These actions do not amount to deliberate indifference. At most, plaintiff alleges negligence on the part of Officer Keith. However, mere negligence, without more, does not violate a prisoner's Eighth Amendment rights. *Toguchi*, 391 F.3d at 1057.

## CONCLUSION

Plaintiff's Motion for Summary Judgment (ECF No. 42) is DENIED, and Officer Keith's Motion for Summary Judgment (ECF No. 22) is GRANTED. Plaintiff's claims against Officer Keith are DISMISSED and he is terminated from this action.

IT IS SO ORDERED.

DATED this  4th  day of February, 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge