UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DESHATIN NAJHEE MOTLEY,                                Case No. 2:19-cv-01442-AA

       Plaintiff,                                          OPINION AND ORDER

   v.

DENNIS KEITH, Correctional Officer;
L. GRUENWALD, Nurse; DR. NORTON,

       Defendants.
_____

AIKEN, District Judge.

     Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed suit pursuant to 42 U.S.C. § 1983 and alleged violations of his Eighth Amendment rights arising from medical treatment he received for ankle and back pain. Before the Court is a Motion for Summary Judgment filed by defendants Gruenwald and Norton.[1] Plaintiff fails to present evidence raising genuine issues of material fact to defeat summary judgment, and defendants' motion is granted.

---

[1] Plaintiff's claims against Officer Keith were dismissed in a previous Order.

1   - OPINION AND ORDER

BACKGROUND

On September 8, 2017, plaintiff was examined by a nurse after sustaining an ankle injury while playing basketball. Norton Decl. ¶ 6 & Att. 2 (ECF No. 61). Plaintiff's ankle was wrapped with a bandage, and Nurse Practitioner (NP) Gruenwald instructed plaintiff to use ice, compression, and elevation and to take over-the-counter pain medication. *Id.* NP Gruenwald also approved the use of crutches for two weeks, placed plaintiff on a sports restriction, and scheduled an x-ray.

On September 10, 2017, plaintiff was admitted to the infirmary for observation after he fell down on the stairs while using his crutches. *Id.* ¶ 7 & Att. 3. Plaintiff reported pain in his back and tailbone area and was given ice and pain medication. *Id.*

On September 11, 2017, plaintiff had an x-ray of his left ankle, which revealed no bone abnormalities. Norton Decl. ¶ 8 & Att. 4. Plaintiff was examined by Dr. Norton, who continued plaintiff's pain medication. *Id.*  Att. 3 at 3.

On September 12, 2017, plaintiff informed Dr. Norton that he was doing well and wished to be released from the infirmary. *Id.* ¶ 9 & Att. 3 at 3-4. Dr. Norton wrote instructions restricting plaintiff to a low bunk in a lower-tier cell and from sports activities for ninety days. *Id.* Att. 5.

On September 13, 2017, plaintiff indicated that he could walk without crutches and requested removal of the bottom-tier restriction. Plaintiff also requested different pain medication to address his back pain. *Id.* ¶ 10 & Att. 6. Plaintiff's restrictions and medication were not changed at that time.

On September 20, 2017, plaintiff complained that his back was still hurting and asked to see x-ray results. Norton Decl. ¶ 11 & Att. 7. Plaintiff was advised that his x-ray did not show

evidence of an injury and he likely had suffered a sprain. *Id.* Plaintiff indicated that his primary concern was his back pain, and a health care provider gave plaintiff a hot pack and instructed him to take over-the-counter pain medication. *Id.*

On September 27, 2017, plaintiff had a follow-up appointment with Dr. Norton. *Id.* ¶ 12 & Att. 7. Dr. Norton noted that plaintiff could get on and off the examination table without apparent difficulty and that the range of motion in plaintiff's ankle was almost normal. *Id.* Plaintiff reported improved ankle pain and continuing back pain, and Dr. Norton prescribed different pain medication and a hot pack to treat plaintiff's back pain. *Id.* Att. 8.

On October 11, 2017, plaintiff reported continuing lower back pain and stated that the new medication was not alleviating the pain. A follow-up appointment with Dr. Norton was scheduled and plaintiff was instructed to continue his pain medication and use of the hot pack. Norton Decl. Atts. 8-9.

On November 1, 2017, plaintiff did not show up for his appointment with Dr. Norton. *Id.* Att. 9. On November 10, 2017, plaintiff again complained about continuing back pain. A health care provider provided education regarding plaintiff's sports restriction and indicated that his appointment with Dr. Norton would be rescheduled. *Id.*

On November 13, 2017, plaintiff returned his crutches. *Id.* ¶ 13 & Att. 9.

On February 2, 2018, plaintiff complained to a nurse that he could not wear prison-issued shoes because of his ankle issues. Norton Decl. ¶ 14 & Att. 10. Plaintiff was advised that he could have his feet measured for special-order wide shoes. *Id.*

On February 7, 2018, NP Gruenwald noted that plaintiff had purchased two pairs of shoes from the prison canteen and had refused the special-order shoes. *Id.* ¶ 15 & Att. 11.

3    - OPINION AND ORDER

On March 9, plaintiff reported continuing back and leg pain and that his current medication was no longer working, although "it used to work in the beginning." *Id.* Att. 10.

On September 9, 2019, plaintiff filed this federal action.

<u>DISCUSSION</u>

Defendants NP Gruenwald and Dr. Norton move for summary judgment on grounds that the evidence does not demonstrate deliberate indifference to plaintiff's serious medical needs. To prevail, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

In response to defendants' motion, plaintiff withdraws his claims against Dr. Norton. *See* Pl.'s Resp. at 6 (ECF No. 66) (stating that plaintiff "agree[s] with Bennett Norton being released from this 1983").[2] Plaintiff now claims that NP Gruenwald exhibited deliberate indifference by "leaving" him in a top tier housing unit on September 8, 2017 and failing to order x-rays or an MRI for his back. *Id.* at 2-5.[3]

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To sustain a claim for deliberate indifference,

---

[2] Even if plaintiff did not withdraw his claims against Dr. Norton, nothing in the record suggests that Dr. Norton was deliberately indifferent to plaintiff's back injury. Dr. Norton examined plaintiff and provided pain medication and treatment, and plaintiff fails to show that Dr. Norton knowingly disregarded a known risk to plaintiff's health. *See* Norton Decl. & Attachments.

[3] After defendants filed their Motion for Summary Judgment, petitioner moved to amend his complaint to name NP Gruenwald as the nurse "who sent plaintiff back to top tier on crutches." Pl.'s Mot. to Amend (ECF No. 65). The Court previously granted plaintiff leave to add NP Gruenwald as a defendant, and this motion is moot.

plaintiff must establish: 1) the existence of "a serious medical need"; and 2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Gamble*, 429 U.S. at 104). Deliberate indifference is shown when a prison official knows that an inmate faces a "substantial risk of serious harm" and fails to take reasonable measures to abate that risk. *Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the manner in which they provide medical treatment. *Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Where a prisoner alleges a delay in receiving medical treatment, the delay must have led to "significant harm." *Hallett*, 296 F.3d at 746.

Plaintiff fails to show that NP Gruenwald exhibited deliberate indifference to plaintiff's serious medical needs by failing to restrict him to a lower-tier cell after he sprained his ankle and was given crutches on September 8, 2017. Plaintiff presents no evidence suggesting that NP Gruenwald knew plaintiff was unable to navigate stairs while on crutches or that NP Gruenwald denied any request for a lower-tier cell. In fact, plaintiff requested removal of the lower-tier restriction while he still had crutches. Norton Decl. Att. 6 at 2. At most, plaintiff asserts that NP Gruenwald was negligent in failing to recommend plaintiff for a lower-tier housing placement. However, mere negligence, without more, does not violate a prisoner's Eighth Amendment rights. *Toguchi,* 391 F.3d at 1057.

Likewise, plaintiff fails to present any evidence showing that NP Gruenwald failed to treat plaintiff's back injury and exhibited deliberate indifference towards it. Even if plaintiff thought NP Gruenwald should have ordered x-rays or an MRI, differences in opinion between an inmate and a medical provider does not rise to the level of a constitutional violation. *Id.* at 1058.

CONCLUSION

Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 65) is DENIED as moot. Defendants Gruenwald and Norton's Motion for Summary Judgment (ECF No. 60) is GRANTED.

IT IS SO ORDERED.

DATED this 26th day of January, 2022.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge